# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ROBERT LEE JOHNSON, JR.  PLAINTIFF
ADC #100626

v.  5:19cv00013-BRW-JJV

ASA HUTCHINSON, Governor,  DEFENDANTS
Arkansas, *et al*.

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    INTRODUCTION

Robert Lee Johnson, Jr. ("Plaintiff") is incarcerated at the Pine Bluff Unit of the Arkansas Department of Correction and filed this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. No. 2.) He sued Arkansas Governor Asa Hutchinson, Arkansas Department of Correction Director Wendy Kelley, Pine Bluff Unit Warden Gaylon Lay, Mailroom Supervisor H. Hancock, and Sergeants Shelton and Gaddies.  (*Id*. at 1-2.)  Plaintiff alleges Defendants Shelton and Gaddies changed the postage-prepaid envelope in which Plaintiff put his legal mail to a regular envelope, resulting in extra postage costs to Plaintiff.  (*Id*. at 5.)  Plaintiff brought the discrepancy to the attention of prison officials, who "tried reimbursing [Plaintiff] and still made a mistake [be]cause [Plaintiff] should have been charged .11¢ instead of .68¢ and should have gotten .57¢ returned . . . ." (*Id*.) While he makes no specific allegations against Defendant Hancock, Plaintiff asserts mailroom personnel must have been aware of the Sergeants' deception.  (*Id*.)  He also asserts that Defendants Warden Lay and Director Kelley have denied his complaints on this matter as frivolous, and that Defendant Governor Hutchinson is responsible because he hired Defendant Kelley.  (Doc. No. 2, at 5.)  Plaintiff seeks damages and asks that "the main 3 individuals" be charged with mail

tampering. (*Id*. at 6.) After careful review of Plaintiff's Complaint (Doc. No. 2), I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

Plaintiff sued Defendants in their personal and official capacities. (Doc. No. 2, at 2.) His official-capacity claims fail because they are the equivalent of claims against the State of Arkansas. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983 provides for a

cause of action against a person acting under color of state law who deprives another of a federally-protected right. 42 U.S.C. § 1983. However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71. Similarly, the State of Arkansas has not waived its Eleventh Amendment immunity. *Burk v. Beene*, 948 F.2d 489, 492-94 (8th Cir. 1991). "[A] suit by private parties seeking to impose liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Id*. (*citing Edelman v. Jordan*, 415 U.S 651, 663 (1974)). Because Defendants are officials of the State of Arkansas, they cannot be considered "persons" in their official capacities for the purposes of this lawsuit and Plaintiff's claims against them should be dismissed.

Plaintiff's claim for loss of personal property—the postage pre-paid envelope—is not actionable under § 1983. "[A]n unauthorized . . . deprivation of property by a state employee does not constitute a violation of . . . the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Plaintiff has an adequate postdeprivation remedy. Arkansas recognizes "the tort of conversion as 'the exercise of dominion over property in violation of the rights of the owner or person entitled to possession.'" *Integrated Direct Marketing, LLC v. May*, 495 S.W.3d 73, 75 (Ark. 2016) (internal citation omitted). Because Plaintiff has an adequate postdeprivation remedy available, his constitutional claim should be dismissed.

Plaintiff's Complaint focuses on the money lost from the alleged taking of his postage-prepaid envelope used for legal mail. To the extent Plaintiff made an access to the courts claim, that claim also should be dismissed. Plaintiff does not allege that the taking or changing of the envelope delayed or prevented him from sending legal mail, or that the contents of his mail had been altered or destroyed. Further, Plaintiff does not allege actual injury. Because Plaintiff did

not allege any harm to his potential or currently-pending legal matters, an access to the courts claim fails.  *See Lewis v. Casey*, 518 U.S. 343, 349-50 (1996).

Lastly, to the extent Plaintiff asks that the "main 3 individuals" be charged with mail tampering, he cannot obtain that relief in this § 1983 action.  "'[W]hether to prosecute and what charge to bring . . . are decisions that generally rest in the prosecutor's discretion.'" *Parkhurst v. Tabor*, 569 F.3d 861, 867 (8th Cir. 2009) (internal citation omitted).  The Court lacks authority to bring charges—or to direct that charges be brought—against any Defendant in this action.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 9th day of January 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."